Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000876
23-MAY-2017
11:33 AM

NO. CAAP-16-0000876

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

GK, Petitioner-Appellant, v.
HC and CHILD SUPPORT ENFORCEMENT AGENCY, Defendants-Appellees

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-P NO. 16-1-0160)

ORDER GRANTING JANUARY 31, 2017 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of (1) Respondent-Appellee HC's (HC)
January 31, 2017 motion to dismiss appellate court case number
CAAP-16-0000876 for lack of appellate jurisdiction and (2) the
record of the proceedings in the underlying family court case
arising out of Petitioner-Appellant GK's petition for paternity
or for custody, visitation and support orders after voluntary
establishment of paternity in FC-P No. 16-1-0160, it appears that
we lack appellate jurisdiction over GK's appeal from the
Honorable Paul T. Murakami's October 28, 2016 "Order Re:
Jurisdiction Under the Uniform Child-Custody Jurisdiction and
Enforcement Act" (the October 28, 2016 order) because it is

untimely under Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP).

Hawaii Revised Statutes (HRS)§ 571-54 (2006) provides that in family court cases "[a]n interested party aggrieved by any order or decree of the court may appeal to the intermediate appellate court for review of questions of law and fact upon the same terms and conditions as in other cases in the circuit court[.]" In a circuit court, HRS § 641-1(a) (2016) authorizes appeals from a final judgment, order or decree. Unlike in circuit court, however, a family court is not required by any rule to reduce a final order or decision in a paternity action to a separate judgment. See, e.g., In Interest of Doe, 77 Hawai'i 109, 114 n.9, 883 P.2d 30, 35 n.9 (1994) (the requirements for appealability set forth in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 869 P.2d 1334 (1994), are inapplicable in custody cases"). Consequently, under HRS § 571-54, "appeals in family court cases, as in other civil cases, may be taken . . . from (1) a final judgment, order, or decree, . . . or (2) a certified interlocutory order." In re Doe, 96 Hawai'i 272, 283, 30 P.3d 878, 889 (2001) (citations omitted). "Final order means an order ending the proceedings, leaving nothing further to be accomplished." Familian Northwest v. Central Pacific Boiler, 68 Haw. 368, 370, 714 P.2d 936, 937 (1986) (citations and internal quotation marks omitted). The October 28, 2016 order finally determined and thus ended the proceedings for GK's petition against HC and Respondent-Appellee Child Support Enforcement Agency, State of Hawai'i, in that the family court expressly declined to exercise jurisdiction over the case, leaving nothing

-2-

further to be accomplished. Therefore, the October 28, 2016 order is an appealable final order under HRS § 571-54, which qualifies it as a "judgment" under Rule 54(a) of the Hawai'i Family Court Rules ("'Judgment' as used in these rules includes a decree and any order from which an appeal lies.").

GK did not file his November 30, 2016 notice of appeal within thirty days after entry of the October 28, 2016 order, as HRAP Rule 4(a)(1) required. Therefore, GK's appeal is untimely under HRAP Rule 4(a)(1). Although GK moved for an extension of time under HRAP Rule 4(a)(4)(A), GK appears to have mistakenly asked for an extended due date of November 25, 2016. On November 7, 2016, the circuit court granted GK's HRAP Rule 4(a)(4)(A) motion and gave GK an extension until November 25, 2016, without including any express finding of "good cause" for any extension, and despite that any such extension was unnecessary. We note, however, that the thirtieth calendar day after October 28, 2016, was Sunday, November 27, 2016, and, thus, HRAP Rule 26(a) automatically extended the thirty-day time period under HRAP Rule 4(a)(1) until Monday, November 28, 2016. GK did not file his November 30, 2016 notice of appeal by either the "extended" deadline of November 25, 2016 or the actual deadline of November 28, 2016.

The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or

-3-

justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal.").

Therefore, IT IS HEREBY ORDERED that HC's January 31, 2017 motion to dismiss appellate court case number CAAP-16-0000876 is granted, and appellate court case number CAAP-16-0000876 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, May 23, 2017.

Presiding Judge

Associate Judge

Associate Judge

-4-